```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CARLOS ARZENO, et al.,                                            :
                                                                  :
                              Plaintiffs,                         :
                                                                  :
              -v-                                                 :
                                                                  :
BIG B WORLD, INC., et al.,                                        :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/20/2016

15-CV-9724 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

  Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Big B World, Inc., Hye K. Han, and Richard Han (together, "Defendants") to recover unpaid minimum wage and overtime pay allegedly owed to them for work performed as sales representatives at a Cricket Wireless retail store. On June 10, 2016, Plaintiffs moved for conditional certification of a FLSA collective action and for approval of a collective action notice. (Docket No. 26). Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED.

  Plaintiffs have carried their "low" burden at this stage of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'" to support a motion for collective action

certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) (noting that, on a motion for preliminary certification of collective action, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations).  (*See* First Am. Compl. (Docket No. 17) ¶¶ 14, 24-40; Mem. Law Supp. Mot. To Conditionally Certify (Docket No. 29) 5-9).

It its opposition to Plaintiffs' motion, Defendants raise just two arguments: (1) that Defendant Big B World is not the correct corporate defendant and (2) that Song of Joy, the correct corporate defendant, is not an "enterprise" as defined under the FLSA.  (*See* Mem. Law Supp. Opp'n Mot. To Conditionally Certify (Docket No. 30) 4-7).  Whatever the strength of those arguments may be, both go to the merits of Plaintiffs' underlying claims and are thus beyond the scope of the conditional certification stage.  "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.  Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."  *Lynch v. United Serv's. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted).

Accordingly, Plaintiffs' motion for conditional certification of a collective action comprised of all employees of Defendants who were employed any time after three years before the date of complaint in this action is GRANTED.  The Court also approves the proposed notice of collective action and consent form, except that (1) the notice and consent form shall be modified to provide that consent forms shall be mailed to the Clerk of Court rather than Plaintiffs' counsel; (2) the description of the lawsuit shall be modified to indicate that Defendants are merely the *alleged* owners and managers of Cricket Wireless; and (3) the consent

form shall be modified to make clear that opt-in plaintiffs are free to retain counsel of their choosing (or to represent themselves) and are not required to have Plaintiffs' counsel represent them.  (Counsel is directed to Docket No. 26 in *Tamay et al. v. Mr. Kabob Restaurant, Inc.*, 15-CV-5935 (JMF), for an example of language that the Court has previously approved on that score.)  Plaintiffs shall provide revised versions of the Notice and Consent Form to Defendants no later than **July 27, 2016**.  If Defendants object to any of the proposed revisions, the parties shall promptly raise the issue with the Court.

It is further ORDERED that:

1. Plaintiffs shall produce a Spanish language translation of the notice of collective action.
2. Plaintiffs shall mail the notice of collective action to putative party plaintiffs.
3. The deadline to submit a consent to become a party plaintiff shall be ninety days from the date of this Order.
4. Plaintiffs shall send to Defendants the notice of collective action, and a Spanish translation of the same, in the form of a poster.  Defendants shall, no later than one week after receiving it, post it in a conspicuous place in every one of their workplaces, including wherever statutory notices to employees are posted.

The Clerk of Court is directed to terminate Docket No. 26.

SO ORDERED.

Date: July 20, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge